IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN CLANCY-FISHER | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA and CITY | : | NO. 02-3713 |
| OF PHILADELPHIA FIRE DEPARTMENT | : | |
| Defendants. | : | |

## SCHEDULING ORDER

**AND NOW,** this 10th of September, 2002, following a Preliminary Pretrial Conference on said date,[1] the parties, through counsel, having reported that they are interested in discussing the question of settlement after completion of some discovery, **IT IS ORDERED** that the parties, through counsel, shall jointly report to the Court in writing (letter to Chambers, Room 12613) with respect to whether or not the case is settled on or before November 8, 2002. In the event the case has not settled on or before November 8, 2002, counsel shall include in their joint report a statement as to whether they believe a settlement conference before a magistrate judge might be of assistance in resolving the case and, if so, by what date they will be prepared for such a conference.

---

[1] The Notice of the Conference dated August 15, 2002, directed that trial counsel participate in the conference unless on trial in a court of record at the time of the conference. The Court notes that trial counsel, Sidney L. Gold, Esquire, and Kevin I. Lovitz, Esquire, failed to participate in the Conference and reportedly were not on trial in a Court of record; plaintiff was represented at the Conference by another attorney in trial counsel's law firm. By reason of this breach, trial counsel shall immediately explain by letter to the Court their failure to participate in the Preliminary Pretrial Conference. The Court will determine after receiving the explanation whether further action is required.

**IT IS FURTHER ORDERED** that the case shall proceed on the following schedule:

1. All remaining discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by December 16, 2002;[2]

2. All trial exhibits shall be marked and exchanged on or before December 23, 2002;

3. The parties reported that they did not plan to call at trial any expert witnesses on liability or damages;

4. The parties reported that they did not plan to call at trial any lay witnesses who would offer opinion testimony pursuant to Federal Rule of Evidence 701;

5. Any motions for summary judgment shall be filed and served on or before January 10, 2003. Responses to any motions for summary judgment shall be filed and served within the time provided under the Local Civil Rules of this Court. Two copies of any motions and responses shall be served on the Court (Chambers, Room 12613) when the originals are filed;

6. All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

    A. Plaintiff - on or before March 14, 2003;

    B. Defendants - on or before March 21, 2003.

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers, Room 12613) when the original is filed;

---

[2] Because trial counsel failed to participate in the Conference and the attorney who participated selected the discovery cut-off date, December 16, 2002 (that was consistent with the Conference Information Report submitted by trial counsel which stated discovery would be completed by December, 2002) there will be no extensions of the December 16, 2002, discovery deadline.

7. The case will be placed on the Court's trial list on March 28, 2003;[3]

8. Any party having an objection to: (A) the admissibility of any exhibit based on authenticity; and, (B) the admissibility for any reason (except relevancy) of any evidence expected to be offered, shall set forth separately each such objection in their Pretrial Memorandum. Each objection shall describe with particularity the ground and the authority for the objection;

9. If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel <u>prior</u> <u>to</u> <u>trial</u> for such information. If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial;

10. Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of <u>any</u> <u>witness</u> whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness <u>will</u> <u>not</u> <u>be</u> <u>a</u> <u>ground</u> <u>to</u> <u>delay</u> the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith;

11. The parties shall meet to prepare a complete and comprehensive stipulation of

---

[3] The case will be tried to a jury. The estimated trial time is four (4) to five (5) days.

uncontested facts pursuant to (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 12613) at least three (3) days before the case appears on the trial list. The original shall be filed with the Clerk of the Court;

12. At least three (3) days before the case appears on the trial list, each party shall submit to the Court (Chambers, Room 12613) two (2) copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with <u>pinpoint</u> citations of authority for each point (ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) motions <u>in</u> <u>limine</u>; and, (e) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

If a model jury instruction taken, for instance, from O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, or Sand, <u>Modern Federal Jury Instructions</u> is submitted, the parties shall state whether the proposed jury instruction is unchanged or modified. If a party modifies a model jury instruction the modification shall be set forth in the following manner: additions shall be underlined and deletions shall be placed in brackets;

13. At least three (3) days before the case appears on the trial list, the parties shall submit to the Court (Chambers, Room 12613) a joint written statement of the case for reading to the jury at the commencement of the trial which shall cover (a) a brief statement of the facts; (b) a brief statement of plaintiff's cause(s) of action <u>and the essential elements of each cause of action</u>; and, (c) a brief statement of the defenses <u>and the essential elements of each affirmative defense</u>. The statement of the case shall not exceed three (3) pages in length; and,

14.  At the commencement of trial, the Court should be supplied with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which shall briefly describe each exhibit.

**BY THE COURT:**

_____
**JAN E. DUBOIS, J.**