IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN CLANCY-FISHER | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA and CITY | : | NO. 02-3713 |
| OF PHILADELPHIA FIRE DEPARTMENT | : | |
| Defendants. | : | |

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW,** this 6th day of December, 2002, upon consideration of Plaintiff's Motion for Reconsideration (Document No. 11, filed November 8, 2002), and Defendants' Memorandum of Law in Opposition (Document No. 12, filed November 18, 2002), **IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

### MEMORANDUM

Plaintiff seeks reconsideration of this Court's October 30, 2002 Order granting Defendants' Motion to Dismiss Plaintiff's Complaint and dismissing the Complaint with prejudice. The allegations of plaintiff's Complaint are detailed in the Memorandum dated October 30, 2002, and need not be repeated. Suffice it to say that plaintiff, in her Complaint, alleges sex discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq*. She asserts, *inter alia*, that because defendants prevented her from, and showed no support for her requests in, disciplining a subordinate employee, she was subjected to a hostile work environment and thereby was constructively discharged on the basis of her sex.

**I.     LEGAL STANDARD**

"A motion for reconsideration may be granted where: (1) there has been a change in controlling law between the court's decision and the filing of the motion; (2) evidence not previously available comes to light; or (3) there is need to correct a clear error of law or prevent a manifest injustice." The Limited, Inc. v. Cigna Insurance Co., 2001 WL 34035773, at *6 No. 00-cv-3766 (E.D. Pa. April 5, 2002) (citing Cohen v. Austin, 869 F. Supp. 320, 321 (E.D. Pa. 1994)); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (stating that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence").

Plaintiff, in her Motion for Reconsideration, relies on the third ground for granting such a motion - the need to correct a clear error of law or prevent a manifest injustice. Specifically, she claims that the Court's dismissal of her Complaint must be reconsidered because the Court did not apply the correct pleading standard and because it only addressed two of the three claims in her Complaint. These arguments are without merit and do not provide a basis for reconsideration.

**II.    DISCUSSION**

  **A. The Court Utilized the Proper Pleading Standard**

With respect to the claim that the Court applied an incorrect pleading standard, plaintiff relies in substantial part on *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002). That case held that a plaintiff pleading employment discrimination claims need only give defendant fair notice of the claims asserted and the grounds upon which they rest, and is not obligated to plead and demonstrate a prima facie case under the framework set forth in *McDonnell Douglas Corp. v.*

*Green*, 411 U.S. 792, 802 (1973).  That is, in essence, the pleading standard the Court applied in this case, although it did not specifically mention *Swierkiewicz* or *McDonnell Douglas Corp.*

<u>Swierkiewicz</u> did not <u>lower</u> the pleading standard for employment discrimination claims, but affirmed that the "<u>ordinary</u> rules for assessing the sufficiency of a complaint [still] apply" to employment discrimination claims.  <u>Id.</u> at 511 (emphasis added).  "[G]iven the Federal Rules' simplified standard for a pleading, '[a] court may [still] dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  <u>Id.</u> at 514 (citing <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)).

For the reasons set forth in the Memorandum dated October 30, 2002, the Court concludes that no relief can be granted to plaintiff under Title VII under the facts alleged in the Complaint.  Thus, reconsideration is inappropriate.

### B.  The Court Considered All of Plaintiff's Claims

Plaintiff contends in her Motion that the Court addressed only two of her claims - her hostile work environment and constructive discharge claims - and not her more general gender discrimination claim.  In making this argument, plaintiff relies on general allegations of the Complaint that defendants discriminated against her " . . . in the terms, conditions and privileges of her employment, subjecting her to a hostile work environment, and in constructively discharging the Plaintiff because of her sex . . . ." Complaint, ¶ 28.  The short answer to plaintiff's argument is that the only facts alleged by plaintiff in support of her discrimination claim relate to defendants' conduct in preventing her from, and showing no support for her requests in, disciplining a subordinate employee, whereas similar situations involving male employees were handled differently.  Contrary to plaintiff's assertion, the Court addressed those

claims in that part of the Memorandum dealing with hostile work environment and concluded that defendants' conduct was not sufficiently severe and persuasive to alter the conditions of plaintiff's employment and create an abusive work environment.

### III.   CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Reconsideration is denied.

BY THE COURT:

_____
JAN E. DUBOIS, J.